UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELWOOD NOLAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AEROTEK, INC., et al.,<br><br>　　　　　Defendants. | Case No. 4:19-cv-05275-KAW<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO TRANSFER VENUE**<br><br>Re: Dkt. Nos. 9, 12 |

On August 23, 2019, Plaintiff Elwood Nolan filed the instant suit against Defendants Aerotek, Inc. and Quantum Global Technologies, LLC, alleging that he experienced race discrimination in violation of Title VII of the Civil Rights Act. (Compl. ¶ 1, Dkt. No. 1.)

On September 18, 2019, Aerotek filed a motion to dismiss on the grounds that venue in the Northern District of California is improper, or in the alternative, to transfer venue to the Northern District of Texas. (Aerotek's Mot., Dkt. No. 9.) On September 25, 2019, Quantum also filed a motion to dismiss on the grounds that venue is improper, or, in the alternative, to transfer venue to the Northern District of Texas. (Quantum's Mot., Dkt. No. 12.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Defendants' motions to transfer venue, and TRANSFERS the case to the United States District Court for the Northern District of Texas.

## I.　BACKGROUND

On February 10, 2017, Plaintiff Elwood Nolan began working as a Facilities Technician at Defendant Quantum Global Technologies, LLC's (d/b/a QuantumClean) location in Carrollton, Texas. (Compl. ¶¶ 15, 31.) Plaintiff was placed at Quantum by a staffing agency, Defendant

1 Aerotek, Inc. (Compl. ¶ 15.)

2 In July 2017, Plaintiff allegedly began experiencing harassment from his manager, Rolland Elliot. (Compl. ¶ 20.) Both Plaintiff and Mr. Elliott are African American. *Id.* at ¶ 21. This alleged harassment included Mr. Elliot using racial epithets when he was angry at Plaintiff and other African American employees. (Compl. ¶ 24.) Thereafter, Plaintiff complained of this behavior to his Aerotek recruiter, but she did not contact anyone at Quantum or take any other preventative action. (Compl. ¶¶ 26-27.) Plaintiff then requested that his recruiter transfer him to another worksite, but that request was denied. (Compl. ¶¶ 28-29.)

On September 21, 2017, Quantum's Vice President of Human Resources and Manager of Human Resources allegedly traveled to the Carrollton, Texas location from Fremont, California to discuss workplace harassment, bullying, and discrimination with Quantum employees, including Plaintiff, and encouraged employees to report workplace harassment. (Compl. ¶¶ 30-32.) Employees were promised that they would not face retaliation for speaking with the HR professionals. (Compl. ¶ 32.) Plaintiff reported the mistreatment he experienced at the hands of Mr. Elliott, but alleges that his complaint was "brushed off." (Compl. ¶¶ 33-34.)

On September 26, 2017, Plaintiff was informed by his recruiter that he would be terminated as of November 12, 2017. (Compl. ¶ 36.) Prior to his complaint, Plaintiff had received positive reviews and had "exceeded expectations," so the forthcoming termination was a surprise. (Compl. ¶ 37.) Mr. Elliott told Plaintiff that he was terminated for making a complaint against him, and that he "should not have went to HR." (Compl. ¶ 42.)

After his termination, Plaintiff alleges that Aerotek never attempted to re-staff him to any other position in retaliation for his complaint. (Compl. ¶¶ 46-47.)

On September 18, 2019, Aerotek filed a motion to dismiss on the grounds that venue in the Northern District of California is improper or, in the alternative, to transfer venue to the Northern District of Texas. (Aerotek's Mot., Dkt. No. 9.) On September 30, 2019, Plaintiff filed an opposition, in which he conceded that venue was improper in the Northern District of California and requested that the case be transferred to the Northern District of Texas. (Pl.'s Aerotek Opp'n, Dkt. No. 16.) Aerotek did not file a reply.

2

1 On September 25, 2019, Quantum also filed a motion to dismiss on the grounds that venue
2 is improper or, in the alternative, to transfer the case to the Northern District of Texas. (Quantum's
3 Mot., Dkt. No. 12.) On September 30, 2019, Plaintiff filed an opposition, in which he again
4 conceded that venue was improper and requested that the case be transferred. (Pl.'s Quantum
5 Opp'n, Dkt. No. 17.) On September 25, 2019, Quantum filed a reply. (Quantum's Reply, Dkt. No.
6 19.)

## II. LEGAL STANDARD

A defendant may raise a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) in its first responsive pleading or by a separate pre-answer motion. Once the defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When considering a Rule 12(b)(3) motion to dismiss, the pleadings need not be accepted as true, and the court "may consider facts outside of the pleadings." *Richardson v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998). If the court determines that venue is improper, it may dismiss the case, or, if it is in the interest of justice, transfer it to any district in which it properly could have been brought. 28 U.S.C. § 1406(a); *Dist. No. 1, Pac. Coast Dist. v. Alaska*, 682 F.2d 797, 799 (9th Cir. 1982).

Even if the court determines that venue is proper, it may transfer for the convenience of parties and witnesses. 28 U.S.C. § 1404(a). In either case, the decision to transfer is within the discretion of the court. 28 U.S.C. § 1404(b); *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (no abuse of discretion under 28 U.S.C. § 1406(a) when it chose to dismiss, rather than transfer, for improper venue).

## III. DISCUSSION

Defendants both move to dismiss the case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, transfer venue to the Northern District of Texas. (Aerotek's Mot. at 4-6; Quantum's Mot. at 6-9.) The court may, however, in the interest of justice, transfer the case to any district in which it properly could have been brought. 28 U.S.C. § 1406(a); *Dist. No. 1, Pac. Coast Dist. v. Alaska*, 682 F.2d 797, 799 (9th Cir. 1982).

United States District Court
Northern District of California

Here, Plaintiff concedes that the case should have been filed in the Northern District of Texas, but that he had filed the case in this district because he had a good faith belief that his employee records were stored in Fremont, California, where he believed Quantum's human resources department was located. (Pl.'s Aerotek Opp'n at 5; Pl.'s Quantum Opp'n at 5.) Additionally, Plaintiff contends that if the undersigned were to dismiss, rather than transfer, the case, he would be time-barred from refiling in the Northern District of Texas, because the 90-day period in which to file suit after receiving his right to sue letter has expired. (Pl.'s Aerotek Opp'n at 5-6; Pl.'s Quantum Opp'n at 5-6.)

In reply, Quantum argues that Plaintiff's professed belief that the Northern District of California was a proper venue is unsupported and made in bad faith. (Quantum's Reply at 2.) The undersigned, however, declines to assess the credibility of the representations of Plaintiff's counsel and Quantum's counsel. Indeed, based on the facts alleged, Plaintiff appears to have cognizable claims against both Defendants, and would be severely prejudiced if his case is time-barred for failure to file in the proper court. That Plaintiff may have believed that Quantum's HR Department and personnel records were located in Fremont, California is reason enough for the undersigned to exercise its discretion to transfer the case to the Northern District of Texas rather than to dismiss for improper venue. (*See* Quantum's Reply at 2-3.)

Accordingly, the Court grants Defendants' motions to transfer venue.

### IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motions to transfer venue and TRANSFERS the case to the United States District Court for the Northern District of Texas.

The Clerk of the Court shall transfer the case forthwith and terminate all motions and deadlines pending on the court docket.

IT IS SO ORDERED.

Dated: October 23, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge

4